**RECEIVED**

DEC 2 9 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel. )
)
WILLIAM CARINI I.D. # N51235 )
)
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER )
)
vs )
STEPHEN MOTE, WARDEN, PONTIAC )
CORR CTR  ILLINOIS DEPT. CORR )
)
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
**(Fill in the following blank only if judgment** )
**attacked imposes a sentence to commence** )
**in the future)** )
)
ATTORNEY GENERAL OF THE STATE OF )
)
)
_____ )
(State where judgment entered) )

**03C 9416**

CASE NO: _____
(Supplied by Clerk of this Court)

**JUDGE CONLON**

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

Case Number of State Court Conviction:
91CF2233

CHRISTOPHER C. STARK, JUDGE PRESIDING

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: 19th Judicial circuit court

   Lake County IL  18 North County St  Waukegan Il  60085

2. Date of judgment of conviction: April 7th 1992

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   3 counts aggravated criminal sexual assault. Indictment # 91CF2233

4. Sentence(s) imposed: 20 years count 1 consecutive to count 2, 6 years concurrent
   to count 3 of 6 years. order entered 5/29/92 order attached as exhibit

5. What was your plea? (Check one)    (A) Not guilty     ( **X** )      # (1)
                                       (B) Guilty         (   )
                                       (C) Nolo contendere (   )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

   _____

   _____

**DOCKETED**

DEC 3 1 2003

## PART I -- TRIAL AND DIRECT REVIEW

1.  Kind of trial: (Check one):   Jury ( )   Judge only (X)

2.  Did you testify at trial?   YES (X)   NO   ( )

3.  Did you appeal from the conviction or the sentence imposed? YES (X)   NO ( )

    (A)  If you appealed, give the

        (1) Name of court:   Illinois appellate second district, Appeal #92-683

        (2) Result:   Affirmed

        (3) Date of ruling:   12-29-93 people v carini 254Ill.App3d1 626ne2d297
                                                    193Ill.Dec.264

        (4) Issues raised:   Defendant was not proven guilty beyond a reasonable doubt
where states case rested solely upon the identification testimony
of one complaining witness. I.D. being based on circumstances I.E.
Alcohol incapacitation, discrepancy between descriptions and defendants
actual appearance, lapse of time between crime and confrontation
                                         (Issues continued on trial +direct

    (B)  If you did not appeal, explain briefly why not:   review page 2.

4.  Did you appeal, or seek leave to appeal, to the highest state court?   YES ( )   NO (X)

    (A)  If yes, give the

        (1) Result

        (2) Date of ruling:

        (3) Issues raised:

    (B)  If no, why not:   Appellate counsel same as trial counsel failed to file
                   timely leave to appeal to the illinois supreme court.

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No (X)

    If yes, give (A) date of petition: _____   (B) date *certiorari* was denied: _____

**PART 1-- TRIAL AND DIRECT REVIEW**

PAGE 2

(Issues contined:


The complaining witness, failure to identify suspect offender on prior
occasions.

The defendant was denied a fair trial by the states withholding and failure
to make required disclosure of discovery to the defense as to a police report
of a computerized suspect list in excess of a hundred alleged offenders
living in the area, that matched similar characteristics of the reported
description of the alleged offender. this suspect list report dealing with
the critical issue in the states case  the i.d. of a suspect offender
wherefrom conclusionary and hearsay testimony was put forth by the state
as to this computerized suspect list police report as to why the defendant
was picked out as a suspect from this list as the offender of this crime

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( x )   NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.   Name of court:   19th judicial circuit lake county  IL

    B.   Date of filing:   July  19th  1994

    C.   Issues raised:  Denied effective assistance of counsel where trial counsel faile
    to require the state to have tested various items of clothing worn by the
complainant at the time of the incident to determine whether substances
that were left by the assailant were not substances that matched
characteristics i.e. DNA characteristics of the defendant (issues continued
    (on additional page

    D.   Did you receive an evidentiary hearing on your petition?    YES ( )  NO (X)

    E.   What was the court's ruling?   Denied

    F.   Date of court's ruling:   4/17/98

    G.   Did you appeal from the ruling on your petition?    YES (X )  NO ( )

    H.   (a) If yes,   (1) what was the result?    Affirmed rule 23 order second district

                  (2) date of decision: 1/26/00appellate court  # 2-98-0593

        (b) If no, explain briefly why not: _____

    I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES ( X )  NO ( )

        (a) If yes,   (1) what was the result?    Denied  IL S.CT. # 89114

                  (2) date of decision:   5/31/00

        (b) If no, explain briefly why not: _____

PART II-COLLATERAL PROCEEDINGS

(ISSUES CONTINUED:

Trial counsel failed to make this motion prior to trial due to deficient
performanc which substantially prejudiced the defendant.
Counsel rendered ineffective assistance when he failed to call in experts to
testify on the effects that alcohol and drugs has on the ability of a witness
 to recall and make identifications.

   Defendant was denied constitutional right of due process by an
unnecessarily suggestive photo and in person line up and where trial counsel
failed to file pre-trial motion to that effect or object at trial on that
point. or file post-trail motion on that point.

   defendant denied constitutional right of due process when the state
presented improper evidence through testimony of a IL state police officer
as to why the defendant was picked out as a suspect. This testimony as it
related to a police report of statistical evidence of a compurtized list in
excess of a  100 alleged suspects who all matched similar characteristics of
the attacker the admission of this conclusionary and hearsay testimony of a
report of statistical data without disclosure of the report to the defendant
denied defendant due process.

   denied effective assistance of counsel when counsel failed to object,
move for a continuance, a misstrial or a written post-trial or otherwise
complain about the states failure to comply with discovery. It was because
of this failure that the appellate court found counsel waived the discovery
violation.

   denied effective assistance of appellate counsel (trial and appellate
counsel being one in the same) where appellate counsel failed to raise
ineffectiveness  as to trial counsel for not objecting to this report of
statistical data or conclusionary and hearsay testimony as to why the
defendant was picked out as a suspect or object to the state withholding
discovery,ask for continuance, misstrial or file post trial motion.

   denied effective assistance of appellate counsel where appellate counsel
failed to raise trial counsels ineffectiveness for not filing pre-trial
motion or object at trial or in a post trial motion as to the unnecessarily
suggestive photo and in person line-ups.

**PART II- collateral proceedings additional:**

post-conviction petitions filed pursuant to 725 ILCS 5/122 and
735 ILCS 5/2-1401

Name of court: 19th judicial circuit lake county IL
Date of filing: July 11th 2000
Issues raised:   Petitioner combined allegations of separate petitions in one
pleading where alleged perjury comes from two trial witnesses
one a state police officer and the other a private individual (complaining
witness)
Petitioner alleged his constitutional rights of due process afforded under
the federal and state constituions were violated in that his conviction was
based upon perjured testimony as is set forth in the suborting affidavit of
Joann schulz the sole complaining witness in the cause of people v. carini
91CF2233 and more fully set forth in the supporting memorandum in support
of petitions.
Affidavit of Joann schulz attached as ex hibit # 2
Memorandum in support of petitions attached as exhibit #3

Receive an evidentiary hearing ?      (yes)
courts ruling:                        Denied in its entirety
Date of courts ruling:                12/1/00
Did you appeal                        (yes)

TO:  Il appellate court second district    #  2-01-0203

Brief of appellant in # 2-01-0203  and appellant's reply brief attached
as exhibit  #'s  4 + 5

Appellate result:       Affirmed in rule 23 order
Date of decision:         4/24/2002
Seek leave to appeal?     (yes)   IL S.CT # 93297
Result                    Denied
Date of decision:         10/2/2002

Defendant/appellant in appeal # 2-01-0203  also filed pro,se motion to
supplement counsel's iusses raised
Filed:          11/19/2001
Denied to supplement iusses on appeal        11/28/2001

**PART II  COLLATERAL PROCEEDINGS, ADDITIONAL:**

> motion pro,se to supplement iusses raised on appeal # 2-01-0203

Iusses raised:

Original conviction, sentence and following denied post-judgement pleadings were obtained and affirmed in violation of IL S.CT. rules and defendants constitutional rights of due process afforded under the federal and state constitutions.

wherein prior to trial, counsel for defendant, pursuant to IL S.CT. rules filed pre-trial motion for discovery, which included a **specific request** for discovery of any pending criminal charges against the states witnesses. Defense discovery motion request filed 11/12/91. comman law record (c12) Discovery motion also attached as exhibit **# 6**

Alleged the state and or its agent, the Il state police knowingly deceived and affirmatively concealed discovery of its complaining witness (Joann Schulz) pending criminal charges, before, during and after defendants trial and conviction in violation of defendants sixth amendment right of confrontation. therein also denying defendant reasonable effective assistance of counsel.

> Pending criminal charge records of states complaining witness (Joann Schulz) during defendants trial as well as (Schulz) following felony conviction records are here by attached as exhibit **# 7**

Note: states complaining witness had court date on pending theft charge
    in due page county on 4/6/92 9:00am

Note: Defendants trial started also on 4/6/92 later therein the,am

Alleged the state failed to comply with discovery request required through exercise of ordinery and continuing duty to disclose discovery through due diligence. Where the states agent IL state police sgt gentilcore, knew of and brought to the attention of the states witness the fact that there was a out standing warrant for her arrest and a pending charge for felony theft prior to and during defendants trial  and this was not disclosed to the defense.

Alleged perjury was committed and the state let this perjury go uncorrected when the complaining witness testified at defendants post-conviction hearing on 12/1/2000. Where complaining witness falsely testified as to what kind of felony conviction charge she was on parole for.  Where the state at that time could not be unaware of what there witness was on parole for. where the state listed listed there witnesses parole agent also as a witness for the state.

**PART II COLLATERAL PROCEEDINGS  ADDITIONAL:**

Motion pro,se to supplement iusses raised on appeal # 2-01-0203

Iusses raised continued:

Defendant

Alleged he was denied effective assistance of counsel by counsel's specific errors and omissions in filing of defendants post-judgement pleadings. Wherein prior to filing of defendants pleadings counsel had become  aware through interviewing the states complaining witness that she was on bond and had pending a felony criminal charge prior to and during the defendants trial in this cause.  Counsel failed to raise and include this newly discovered constitutional discovery violation into defendants post-judgement pleadings wherein prejudiced the defendant and caused a break down in the adversarial process and denied the due process rights of the defendant.

**PART II COLLATERAL PROCEEDINGS, ADDITIONAL:**

Defendant filed pro,se combined petitions pursuant to 725 ILCS 5/122 and 735 ILCS 5/2-1401

Name of court:  19th Judicial circuit lake county IL

Date of filing:   12/6/2001

Issues raised:    petitioner alleged his conviction, sentence and denial of his prior post-judgement pleadings were obtained and affirmed in violation of his constitutional rights of due process afforded under the federal and state constitutions, violations based on discovery violations, perjured testimony of the states witnesses, misrepresentation and deception by the state, upon the defendant and the court.

Alleged the state and or its agents knowingly withheld and affirmatively concealed prior request discovery from the defendant. Discovery which was a specific request in defense pre-trial discovery motion for any pending criminal charges of the states witnesses. This discovery motion specific request was never complied with prior to or during the defendants trial by the state under IL. S.CT rules.

Alleged the state and or its agents were fully aware of the fact that the states sole complaining witness (Schulz) had in fact a pending felony criminal theft charge prior to and during and after defendants trial. In violation of defendants right of confrontation that includes the right to cross examination of a witness regarding biases, interests or motives to testify falsely. wWhich the courts have held include pending charges for impeachment.

Alleged the state and or its agents continued to willfully withhold discovery at all proceedings thereafter defendants trial and in post-judgement actions as to the states witnesses prior pending criminal theft charges and later thereof felony convictions of the states sole complaining witness. where the state knowingly filed false answers in discovery motion response in defendants post-judgement proceedings as to states witnesses (lack of ) prior criminal charges and later records of felony convictions.

States false discovery disclosure to defendant in post-judgement proceedings filed 10/17/00   point 6    attached as exhibit # 8

Alleged that as a matter of illinois court records and the prior pleadings of record in this cause  show that there were criminial charges pending against the states complaining witness and that the states agent IL state police sgt gentilcore had prior understanding of these charges against the complaining witness and therefore along with the state scicntered that information and discovery from the defendant and his counsel in this cause.

## IUSSES CONTINUED:

Alleged denied due process and fair trial from the state withholding discovery of police report as to alleged suspect list of over 100 alleged offenders that matched the suspect and or the defendant, denied due process from the state withholding discovery as to states witnesses pending criminal charges. where the defendant was given no prior notice or was he afforded the use in his defense of these discovery items to discrediting the states case and its witnesses.

Alleged the presiding judge in and throughout this cause has shon, bias and prejuduce towards this defendant and his defense witnesses which included two attorneys at law.

Alleged presiding judge at post judgement hearing showed total disregard and failed to rule as to current law under Illinois ruling in people v. montgomery 268 NE 2d 695, 47 Ill. 2d 510 (1971) as to motion in limine filed as to defense witness called at hearing one ruth wille as to her prior 28 year old conviction

Alleged post judgement hearing judges denial of defendants motion to call states complaining witness as a courts witness or as a hostile witness was a erroneous ruling and detrimental ineffect causing prejudice to defendant in his cross examination of the complaining witness, where the record shows said witnesses testimony was clearly perjurious, vague, indistinct and unresponsive.

Alleged the judge in post judgement hearing in this cause took no notice or proper action once it become known to the court of the fact that the defendant rights were violated from the state withholding and concealing discovery as to the states complaining witnesses pending criminal charges during defendants trial in this cause.

Alleged that defendant was denied effective assistance of counsel at trial due in cause by the state knowingly witholing discovery of police report as to a suspect list of over 100 alleged offenders living in the area that matched description of the suspect offender wherein the state alleged also matched the defendants description.

Alleged that defendant was denied effective assistance of counsel at trial due in cause by the state and or its agents knowingly withholding discovery defense request as to the states complaining witnesses pending criminal felnoy theft charges.

**IUSSES CONTINUED:**

Alleged that defendant was denied effective assistance of counsel by counsel's specific errors and omissions in filing defendants post-judgement pleadings in that counsel failed to raise and include the iusse that the state and or its agents knowingly withheld discovery of the complaining witnesses pending criminal charges. The omission of the iusse of a constitutional discovery violation in it self was ineffectiveness of counsel which prejudiced the defendant and caused a break down in the adversarial process and the due process rights of the defendant.

Alleged that the post-judgement hearing judge for denial of defendants petition relief asserted improper and torsion allegations as to defendants cousel's conduct in obtaining a recantion affidavit from the states complaining witness allegations asserted from the state and the judge holing with the state on the alleged torsion allegations but yet not the court nor the state filing any proper charges to up hold the false asserted allegations. clearly showing that the asserted charges were false and held no merit and were only asserted by the state and therein the court finding to deny defendant requested relief in post-judgement pleadings.

Defendants pro,se post-judgement petitions were denied without an evidentiary hearing on        12/13/01

Notice of appeal filed   1/3/02
Appeal was taken to the IL second district appellate court # 2-02-0146

Appeal issues raised:

whether defendants pro,se pc petition presented a gist of a constitutional claim, whether he received effective assistance of counsel at his hearing on his original post-conviction petition. wherein counsel failed to elucidate the necessary facts to determine if the state had failed to disclose, pursuant to pre-trial defense discovery motion that the complainant had pending criminal charge during defendants trial.

moreover the defendant aserted that the claim was not merely the unreasonablenes of his counsel's behavior, but that a discovery violation appears in contravention of **BRADY     V.  MARYLAND.** Defendant's pro,se pc petition points out that testimony by the complaining witness at his hearing on his pc petition indicated that the state had engaged in a violation of the **BRADY RULE.** Therefore the defendant did raise an issue of constitutional dimension and therefore is cognizable under the IL post-conviction hearing act.

Defendant-appellant's appeal ~~and reply~~ brief's under appeal # 2-02-0146
are attached as exhibits # 9 ~~10~~


The appellate court 2nd district denied appeal # 2-02-0146  in unpublished
rule 23 order entered on July 30th 2003. rule 23 order attached as
appendix A  to defendant's  pro,se petition for leave to appeal from
(# 2-02-0146) to the Illinois supreme court # 96916 attached as exhibit # 1O


defendant pro,se filed with the clerks of the Illinois supreme court and the
2nd district appellate court on 8/11/03  affidavit of intent to file a petition
for leave to appeal to the IL S. CT.

Defendant pro,se filed petition to leave to appeal to the Illinois supreme
court on 9/3/03  Petition  # 96916 attached as exhibit # 1O

**ISSUES RAISED THEREIN PART CONTAINED:**

The appellate court errored in affirming the trial courts findings, without
a hearing, dismissing defendant's pro,se pc petition which presented the gist
of a constitutional claim.
The appellate court errored , finding that the states suppression of evidence
of the states (**sole**) identification witnesses pending theft charge is meritless
and would have been highly doubtful that this evidence would have been
addmitted for impeachment purposes at trial any way even if the state had
not suppressed this evidence from the defense

The appellate court errored not remanding cause for new trial where the
appellate courts ruling 23 order concedes the fact that defendant's rights
of due process were violated from the states **BRADY VIOLATION,** suppression
thereof and failure to comply with pre-trial motion requesting discovery
disclosure of states sole identification complaining witnesses pending
criminal theft charge  pursuant to rules of the Illinois supreme court.

Defendant's pro,se petition for leave to appeal to the Illinois supreme court
# 96916  was denied on  12/3/03  attached to petition exhibit # 1O

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )       NO ( x )

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1. Nature of proceeding      _____

        2. Date petition filed      _____

        3. Ruling on the petition      _____

        3. Date of ruling      _____

        4. If you appealed, what was
           the ruling on appeal?      _____

        5. Date of ruling on appeal _____

        6. If there was a further appeal,
           what was the ruling ?      _____

        7. Date of ruling on appeal _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
        YES ( )   NO (X)

    A. If yes, give name of court, case title and case number: _____

_____

    B. Did the court rule on your petition?  If so, state

        (1) Ruling: _____

        (2) Date: _____

**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( )   NO (X) NO MOTIONS OR BRIEFS ARE PENDING ON THIS CONVICTION AT
              THIS TIME OTHER THEN THIS WRIT PETITION
If yes, explain: _____

_____

## PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one   Defendant not proven guilty beyond reasonable doubt, states
Supporting facts (tell your story briefly without citing cases or law):

case rested solely upon the identification testimony of one complaining witness

I.D. being based on circumstances unreliable i.e. alcohol incapacitation

discrepancies between descriptions and defendants actual appearance, lapse of

time between crime and confrontation, failure to I.D. defendant on prior

occasions. Where ablibi testimony was unrebutted. Where tested forensic

evidence recovered from the (NEW) automobile where the incident occurred i.e.

finger prints did not match the defendant or the victim but also  a
comparison of forensic pubic hair evidence recovered upon the area of where
the 3rd and last sex act occurred was tested and found to be not only
XXXXXXXXXXXXXXXXXXXX          morphologically dissimilar to the defendant but also
XXXXXXXXXXXXXXXXX Supporting facts XX

morphologically dissimilar to the victim of the assualt.


(B) Ground (2) Supporting facts.

 The defendant denied due process where the state failed to make required

disclosure of defense pretrial requested discovery. i.e. police report in

computerized form of a suspect list in excess of a hundred alleged offenders

living in the area of the alleged crime, suspects that allegedly all matched

similar characteristics of the offender suspect. With the critical issue in

the states case being I.D. it self and the suspect list report being critical

issue as to why the defendant was I.D. (picked out) as a suspect from this

list to start with comes from and only from the testimony of the states agent

a IL state police officer as to this alleged computerized suspect list report

ever being in existence or that the defendants name was in fact on this

list. The defendant was never given notice or a copy of this alleged report

to rebutt or otherwise use in the          defense of the defendants case.

PETITIONER'S CLAIMS


(C) Ground (3)

            Defendant denied effective assistance of trial counsel when counsel failed to object move for a continuance, a mistrial or file a written post trial motion or otherwise complain or ask the court to order the state to comply with discovery.

When the state presented improper evidence through testimony of a IL state police officer as to why the defendant was picked out as a suspect this conclusionary and hearsay testimony as it related to a police report of statistical evidence of a compurtized list in excess of a hundred alleged suspects was never turned over to the defense in pretrial discovery or at any other time.


Ground (4)

Defendant denied due process  from the state and its agents by knowingly withholding discovery from the defense as to the complaining witnesses pending criminal theft charges.

Prior to trial counsel filed pretrial motion for discovery, which included a specific request for disclosure of any pending criminal charges against any of the states witnesses.

The states complaining witness did in fact have pending theft charges ATTACHED IN TO EXHIBIT (3)

These charges were in fact known to the states agent IL police officer the same officer who testify at defendants trial.

Per the complaining witnesses testimony at defendant post conviction hearing on 12/1/00 she stated that it was this same officer who brought to her attention that there was a warrant for her arrest for the charge of theft out standing since 1987 and that in fact this officer had talk about her getting a 10,000 dollar I-bond on the charges and in fact the records show that she did.

This facts and the circumstances around them were all unknown to the defendant during his trial in 1992.

PETITIONER'S CLAIMS

Ground (5)

Defendant denied effective assistance of trial counsel where trial counsel failed to file pretrial motion to require the state to have tested various items recovered from the incident to determine whether substances i.e. DNA could be proven to show defendants factual innocence.

Ground (6)

Defendant denied effective assistance of trial counsel when counsel failed to call experts to testify on the effects that alcohol and prescription drugs has on the ability of a I.D. witnesses perception to recall and make reliable identifications.
Where the police reports and trial record shows that the complaining witness had at least 6 to 8 beers and 1 or to hard mixed drinks prior to the attack.

Ground (7)

Defendant denied effective assistance of trial counsel when counsel failed to object at trial or file a pretrial motion to suppress the unnecessarily suggestive photo and in person line ups.
(alleged offender suspect being white in race)
Where in a 6 man photo line up the defenant was the only one of white race the 5 others being of race other than white.
Defendants photo being placed as # 4 .
Defendant also being placed as # 4 in the in person line up.

Ground (8)

Defendant denied effective assistance of appellate counsel (trial and appellate counsel being one in the same) Where appellate counsel failed to raise issue of ineffectiveness of trial counsel for not objecting or moving for a continuance or a mistrial or filing a written post trial motion or otherwise complain or motion the court to order the state to comply with discovery when the state presented improper evidence through testimony of a Il state police officer as to why defendant was picked out as a suspect from a police report of statistical evidence of a compurtized list in excess of a 100 alleged suspects.

PETITIONER'S CLAIMS

Ground (9)

Defendant denied effective assistance of appellate counsel (trial and appellate counsel being one in the same) Where appellate counsel failed to raise ineffectiveness of trial counsel where trial counsel failed to file pretrial motion to require the state to have tested various items recovered from the incident to determine whether substances i.e. DNA could be proven to show defendants factual innocence.

Appellate counsel failed to raise trial counsel ineffectiveness for not calling experts to testify on the effects that alcohol and prescription drugs has on the ability of a I.D. witnesses perception to recall and make reliable identifications.

Appellate counsel failed to raise trial counsels ineffectiveness when trial counsel failed to object at trial or file a pretrial motion to suppress the unnecessarily suggestive photo and in person line ups.

Ground (10)

Defendant denied due process where his conviction was obtained through false and perjured trial testimony from a state police officer and a private individual (complaining witness) as to the identification of the defendant as being the attacker through this perjured testimony the court was misled as to the facts and circumstances of the identification of the defendant which were far from being a reliable identification process on which a court should feel comfortable imposing a conviction.

As to this claim and grounds there of petitioner adopts and incorporates as supporting facts complaining witness (JOANN SCHULZ) affidavit of recantation (attached as exhibit #12 as well as memorandum in support of (SCHULZ) affidavit (attached as exhibit #23

PETITIONER'S CLAIMS

Ground (11)

Defendant denied due process were the state and its attorenys used intimidation upon the complaining witness (SCHULZ) through the threat of charges of perjury of her 1992 trial testimony if (SCHULZ) continued to adhere to her june 2000 affidavit (exhibit (**2**)) put forth on behalf of the defendant in which (SCHULZ) recanted her I.D. of the defendant and the process used there of for the I.D.

The lake county states attorney's office conducted a interview of (SCHULZ) on 7/31/2000 as to her sworn affidavit on behalf of the defendant recanting her trial testimony and her I.D. of the defendant as her attacher.

At the interview the state let it be known to schulz that the possibility of incarceration on perjury charges were not out of the question due to fact that the statute of limitations had not run out cause (SCHULZ) did not live in the state of IL for a continuing 3 year span of time after her trial testimony in 1992.

This inferred threat surely was not lost on schulz who at the time of this interview was still on parole for a robbery conviction.

Shortly after this interview schulz, on 8/31/2000 and again on 9/15/2000 put forth additional unsworn affidavits now recanting her prior sworn affidavit of june 28th 2000.

With there being substantial discrepancies between the affidavits and documents purported by the state to be affidavits.

PETITIONER'S CLAIMS


Ground (12)

          Defendant denied effective assistance of counsel, by
counsels specific errors and omissions in filing of defendants pleadings
i.e. the omission of a newly discovered constitutional discovery violation
In june of 2000 counsel for defendant interviewed the complaining witness
(schulz) at a restaurant at navy pier in chicago IL. At this interview
information also came forth from schulz that counsel failed to include
in her affidavit of June 28 2000 counsel also failed to include this
discovery violation in defenants pleadings before the court.
This newly found discovery pertaining to the fact that schulz the
complaining witness at defenants trial had her self pending criminal theft
charges against her before and during defendants trial.
Where it was the same state police officer who testified against the
defendant at his trial, this same officer not only had brought schulz
attention to her out standing warrant for arrest on this pending charges
but ther was conversation (per schulz hearing testimony) that this
officer talked to her and was helpfull in schulz getting a $10,000
I-Bond on those charges and in fact schulz did in fact get a $10,000
I-Bond.
This type of discovery was a specific request  by trial counsel in a
pretrial motion for discovery.to be used for impeachment of witnesses and
pending charges that trial counsel may have used to show motive or reason
for the complaining witness to testify falsely.
For later counsel not to include or raise this issue of a newly discovered
discovery violation in defendants pleadings before the court is and was
incompetent of counsel.

PETITIONER'S CLAIMS


Ground (13)

        Defendant denied due process where the state willfully
continued to withhold discovery at all proceedings had there after
defendants trial. Where the state knowingly filed false answers in
discovery response motion prior to defendants 12/1/00 evidentiary hearing
the state continued to deny the fact of criminal charges and records
 of felony convictions of the states sole complaining witness.
But the state admitted that this witness had prior been on parole for a
felony conviction but continued to deny any records could be found.
Where it was and is a matter of Illinois court records as well as other
state's records as to the states wintesses  criminal records which
are hear by attached as exhibit (7)


Ground (14)

        Defenant denied due process by the presiding judge inand
throughout defendants cause and pleadings thereof by said judges bias
and prejudice towards this defendant and the witnesses on the defendants
behalf which included (2) attorneys at law.
Where there was error by the judge to deny the defenants motion at
evidentiary to call the complaining witness as a courts witness or
as a hostile witness where the hearing testimony record show the
complaining witnesses testimony to be perjurious, vague indistinct
and unresponsive.
Where the judge acted as an advocate for the state and directed the states
complaing witness in her answers as to what money was being paid to her
and her attorney for her false testimony.
Where the judge in this cause took no notice or action once it became
known to the court the fact that during defendants trial his righs were
violated from the state withholding and concealing discovery of the
states witnesses pending criminal theft charges. This information
became known to the judge and the court prior to defendants 12/1/2000
evidentiary hearing.

PETITIONER'S CLAIMS

Ground (14) continued

Where the judge at defendants 12/1/2000 evidentiary hearing, in his
findings for denial of defendants relief asserted improper and torsion
allegations as to defendants counsels conduct in obtaining a recantion
affidavit from the complaining witnesss.
Asserted allegations only a improper cause to deny defendants relief
allegations clearly holding no merit for there being no showing or
record of there being any proper charges of misconduct brought orfiled
 by the state or thecourt against defendants counsel.

PETITIONER's CLAIMS

GROUND (15)

defendant alleges that after repeated requests through the FOIA attached
as exhibits # 11 12 13 the state and its agents have continuously
fraudulently concealed the known criminal information records and
offender characteristics i.e. known race, height ,weight ect of the other
males used in defendants 6 man black+white photo and in person line-ups
and concealed any such report computerized or otherwise containing in
excess of a hundred alleged offenders that matched similar characteristics
of the victims attacker this alleged 100 person report of which the
defendant was alleged to have been picked out from.
records and reports concealed to provent the defendant from obtaining
due process within the courts that would show the unnecessarily
suggestive photo line-up which contained males of race and characteristics
other than that of the defendant and of which were totally dissimilar
to the reported offender characteristics.

the unnecessarily suggestive in person line up which used males of
characteristics other than the defendant and of which were totally
dissimilar to that of the reported offender characteristics.

And that would show that ISP sgt gentilcore committed perjury at
defendants trial where he testified falsely that the defendant was on a
alleged list of suspects froma computerized list in excess of over a
hundred alleged offenders that matched similar characteristics of the
victims reported attacker.

( sgt gentilcores trial testimony as to picking out defendant from
this reported list is attached as exhibit # 14 )

Where now the state and its agents claim that no such list is in
existence. (see attached exhibit #xxxxxxxxx  # 12

PETITIONER'S CLAIMS

GROUND (16)

Petitioner's most strikingly meritorious claims of error and grounds therein for this couerts granting his petition for writ of habeas corpus are contained in his most recent petition for leave to appeal to the Illinois supreme court (Attached as exhibit 10 )

As not to unnecessarily repeat the points relied upon, arguments thereof and supporting law contained therein the petition to leave to appeal itself (see exhibit 10)  As to this instant petition before this court petitioner incorporates all claims, points relied upon, arguments thereof and supporting law contained therein his prior petition for leave to appeal Il.S. CT. Into this instant petition and most respectfully requests this court to take full consideration of those points, arguments and law in this courts ruling on this petitioners request for writ of habeas corpus thereby informing the lower courts with granting petitioner's requests relief that the scales must be  tipped in favor of the accused's  rights of due process and to a fair trial.

(C) Ground three (17) defendant has shown due diligence to best of his abilities
Supporting facts:      pro,se and otherwise to raise issues of record and newly
discovered timely of constitutional demand of defendants due process rights
that any delay in bringing these claims has been caused by duress of counsel's
ineffectiveness duress of imprisonment since 1992 duress of defendants not
understanding the law duressof additional indictment on 6/9/99 of charges that
araise out of 1983 where the state was seeking the death penalty, trial and
later conviction not coming until oct 2003 wherein defendant received life
sentence. And Duress of the state's violation of suppressing discovery.

(D) Ground four (18) petitioner incorporates all prior claims for relief of
Supporting facts:      record in prior pleadings filed before the IL courtsalong
with this instant petitions claims.  That claims are supported and contained
in the records of this cause which are to costly in there entirety for this
petitioner to reproduce for this petition and court.  Wherefore petitioner
claims and prays this court with all fundamental fairness allowed by this court
that petitioner not be barred from raising any and all other proper grounds
for relief without first proper counsel being appointed to asit review and
amend as may be needed petitioner claims and grounds for relief in the instant
petition  and than there after remaned this cause back for a new trial.

2    Have all grounds raised in this petition been presented to the highest court having jurisdiction?
        YES (X)  NO ( )  To the best of defendant's belief and knowledge of law.

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

_____

_____

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___Robert L Best 7 south regency drive Arlington___

(B) At arraignment and plea ___Heights IL 60004___ same as above,counsel

(C) At trial ___same as above,counsel___

(D) At sentencing ___same as above,counsel___

(E) On appeal ___same as above,counsel___

(F) In any post-conviction proceeding ___Frederick F Cohn 601 south lasalle st suite 700 chicago IL 60605___

(G) Other (state): ___Philip A Prossnits 202 west south st Box 271 woodstock IL 60098___
Kent Brody 116 south michigan ave 8th floor chicago IL 60603

## PART V -- FUTURE SENTENCE
Patrick M carmody (appointed)appellatedefender
2010 larkin ave elgin IL 60123

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( x)   NO ( )
# 99CR1382101

Name and location of the court which imposed the sentence: ___circuit court of cook county 2nd distric___
5600 old orchard road skokie IL 60076

Date and length of sentence to be served in the future ___Natural life___

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _12-23-03_
  (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
(Signature of petitioner)
N51235
_____
(I.D. Number)
Pontiac Corr Ctr PO Box 99
_____
(Address)   Pontiac IL 61764

REVISED 01/01/2001

7